**IT IS ORDERED as set forth below:**

**Date: March 4, 2021**

_____

**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NUMBERS: |
| | : | |
| **JAMES ALLEN TRUEBLOOD, JR.** | : | **20-62227-LRC** |
| **VERONICA A. TRUEBLOOD,** | : | |
| | : | |
| Debtors. | : | CHAPTER 7 |
| _____ | : | |
| **MARSHALL RECOVERY II LLC,** | : | |
| | : | ADVERSARY PROCEEDING NO: |
| Plaintiff, | : | |
| | : | **20-06082-LRC** |
| v. | : | |
| | : | |
| **JAMES ALLEN TRUEBLOOD, JR.**, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Before the Court is a _Motion for Default Judgment_ (Doc. 6) (the "Motion"), filed by

Marshall Recovery II LLC ("Plaintiff") against James Allen Trueblood, Jr. ("Defendant").

The Motion arises in connection with a complaint (Doc. 1) (the "Complaint") seeking a determination that a debt is nondischargeable pursuant to §§ 523(a)(2)(A), (a)(2)(B), and (a)(6) and objecting to Defendant's discharge under § 727(a)(4).[1] The Motion seeks judgment only as to the § 523(a)(2) claims. This matter constitutes a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(I); 1334.

I.    Background

On February 4, 2020 (the "Petition Date"), Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code. (Bankr. Case No. 20-62227-LRC, Doc. 1, the "Bankruptcy Case"). On May 11, 2020, Plaintiff filed the Complaint. On May 19, 2020, Plaintiff served a copy of the Summons and Complaint on Defendant by U.S. Postal mail. *See* Doc. 4. Defendant failed to respond to the Complaint. Thereafter, Plaintiff filed a *Request for Entry of Default* (Doc. 5). The Clerk entered default on June 24, 2020. On July 15, 2020, Plaintiff filed the Motion and served it upon Defendant. *See* Doc. 6. Defendant has failed to respond to the Motion, and, therefore, the Motion is deemed unopposed pursuant to BLR 7007-1(c).

According to the Complaint, JVK Consultants LLC ("JVK"), Defendant's company, entered into two contracts with Plaintiff in which JVK agreed to sell Plaintiff delinquent accounts receivable for a reduced cost (the "Receivable Sales"). Complaint, ¶ 5, 17. The first contract was entered into on January 26, 2018, for $15,037.12 (the "First Receivables"). Prior to executing the contract for the First Receivables, Defendant

---

[1] Unless otherwise stated, all references to sections are to Title 11 of the United States Code, and all references to docket numbers are to the adversary proceeding docket.

2

represented to Plaintiff that the receivables were valid, that media for the First Receivables was included in the sale, and that there was only one owner of the First Receivables after the original creditor. *Id*. at ¶ 7. Plaintiff relied upon these representations in agreeing to purchase the First Receivables. *Id*. at ¶ 8. Defendant then provided Plaintiff with a chain of title of the First Receivables showing that there were four owners of the First Receivables after the original creditor, that JVK purchased the First Receivables from Titanium Financial Solutions, LLC ("Titanium"), and that Titanium obtained the First Receivables from Diverse Funding Associates, LLC ("Diverse"). *Id*. at ¶¶ 10-11.

Plaintiff attempted to contact Titanium to verify the validity of the First Receivables but was unable to find any proof that Titanium existed. *Id*. at ¶ 14. Plaintiff then contacted a representative of Diverse who informed Plaintiff that it had never owned the First Receivables, had never transferred the First Receivables to Titanium, and believed that the signature of a representative of Diverse on the chain of title was a forgery. *Id.* at ¶ 16.

On February 16, 2018, before Plaintiff realized Defendant had made false representations regarding the First Receivables, JVK entered into a second contract with Plaintiff to purchase other delinquent accounts receivable for $3,032.77 (the "Second Receivables"). *Id*. at ¶ 17. Defendant again represented to Plaintiff that the Second Receivables were valid and that media for the Second Receivables would be included with the sale. *Id*. at ¶ 18. Plaintiff relied upon these representations in agreeing to purchase the Second Receivables. *Id.* at ¶ 19. However, Plaintiff did not receive any account information, media, or chain of title from Defendant or JVK for the Second Receivables and, on March 13, 2018, Defendant emailed Plaintiff stating that the sale of the Second

3

Receivables was cancelled and that Plaintiff would receive a refund of $3,032.77. *Id*. at ¶¶ 20-21. Defendant also told a representative of Plaintiff that he realized the First Receivables were "bad" and promised a refund of the $15,037.12 purchase price for the First Receivables. *Id*. at ¶ 23. Plaintiff never received a refund for either the First or Second Receivables. *Id.* at ¶ 24.

On September 13, 2018, Plaintiff filed suit against Defendant, styled as *Marshall Recovery II LLC v. James Trueblood, et al*., in the District Court of Jefferson County, Colorado, Case No. 2018CV31464 (the "Colorado Lawsuit"), alleging fraud due to Defendant's misrepresentations regarding the Receivable Sales to Plaintiff. *Id*. at ¶ 25. Defendant was served with the complaint and summons in the Colorado Lawsuit on February 28, 2019, but failed to file an answer. *Id.* at ¶ 26. On May 24, 2019, Plaintiff received a default judgment in the Colorado Lawsuit against Defendant in the amount of $60,316.51, plus post-judgment interest at the rate of 8% per annum. *Id*. at ¶ 27.

Through the Motion, Plaintiff seeks default judgment and a determination that the award of $60,316.51 plus post-judgment interest at the rate of 8% per annum (the "Debt") is non-dischargeable under §§ 523(a)(2)(A) and (a)(2)(B). The Motion does not seek default judgment as to the other claims in the Complaint for a determination that the Debt is not dischargeable under § 523(a)(6), denial of Defendant's discharge under § 727(a)(4), attorney's fees under O.C.G.A. § 13-6-11, and punitive damages.

II.    Default Judgment Standard

Entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7055 of the Federal Rules

4

of Bankruptcy Procedure. *See* FED. R. CIV. P. 55(b). To grant default judgment, the Court must first determine that Plaintiff's allegations of fact serve as a sufficient basis for entry of a judgment. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *In re Chong U. Han*, 2005 WL 6488968, at *1 (Bankr. N.D. Ga. Mar. 25, 2005) ("Plaintiff must prove a *prima facie* case in order to succeed on a motion for default judgment."). Defendant's default functions as an admission of Plaintiff's "well-pleaded allegations of fact," but not "facts that are not well-pleaded" or "conclusions of law." *Nishimatsu Const. Co.*, 515 F.2d at 1206.

III.   Discussion

Section 523(a)(2)(A) excepts from discharge debts for "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—[]false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." "Courts apply the traditional elements of common law fraud to assess a § 523(a)(2)(A) claim." *In re Farmery*, 2014 WL 4582028, at *1 (Bankr. N.D. Ga. June 30, 2014) (citing *Field v. Mans*, 516 U.S. 59, 70 n.9 (1995); *In re Bilzerian*, 153 F.3d 1278, 1281 (11th Cir.1998)). "Thus, to except a debt from discharge under § 523(a)(2)(A), a creditor must prove: 1. the debtor made a false representation to deceive the creditor, 2. the creditor relied on the misrepresentation, 3. the reliance was justified, and 4. the plaintiff sustained a loss as a result of the misrepresentation." *Id*. (citing *In re Bilzerian*, 153 F.3d at 1281).

Here, the Complaint alleges Defendant represented to Plaintiff that the Receivable Sales were valid, that Defendant would provide media regarding the Second Receivables

to Plaintiff, and that there was only one owner of the First Receivables after the original creditor. *See* Complaint, at ¶¶ 7, 18. The Complaint further alleges that these representations were false, that Defendant made the representations "knowingly and intentionally, for the purpose of inducing [] Plaintiff" into purchasing the receivables, and that Defendant relied upon the representations when agreeing to purchase the receivables from Defendant. *See id.* at ¶¶ 8-24; *see also id.* ¶¶ 35-36 (stating that "Defendant knew the representations made to Plaintiff were false, misleading and omitted material facts when the same were made" and "Defendant made the false representations and omissions with the intent and purpose of deceiving Plaintiff to make the Payments"). Accordingly, the Court finds that the Complaint alleges sufficient facts establishing a *prima facie* case that the Debt is nondischargeable under § 523(a)(2)(A), and Plaintiff is entitled to default judgment.

Plaintiff also requests default judgment that the Debt is nondischargeable under § 523(a)(2)(B), which excepts from discharge debts that are obtained by "use of a statement in writing—(i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor . . . reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive." However, because the Court has determined that Plaintiff is entitled to default judgment that the Debt is nondischargeable under § 523(a)(2)(A), the Court finds it unnecessary to determine whether the Debt is also nondischargeable under § 523(a)(2)(B). *See In re Booker*, 165 B.R. 164, 168 (Bankr. M.D.N.C. 1994) ("[T]he debts clearly are nondischargeable under § 523(a)(2)(A), and it is, therefore, unnecessary for this court to reach § 523(a)(2)(B)."); *In re Blankenship*, 2019

WL 7602322, at *7 (Bankr. W.D. Tenn. Jan. 2, 2019) ("[Plaintiff] has alleged that its debt should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) & (B) and (a)(6). If the Court determines that the [debt] is non-dischargeable under any one of these three subsections, it is unnecessary to analyze [Plaintiff's] claim under the other two subsections of § 523(a).").

## CONCLUSION

Having considered the Complaint, the Court concludes that Plaintiff's factual allegations, which are deemed admitted by Defendant's failure to respond, have established that the Debt is non-dischargeable under § 523(a)(2)(A). Accordingly, for the reasons stated herein,

IT IS HEREBY ORDERED that the Motion is **GRANTED**;

IT IS FURTHER ORDERED that the Debt is **NONDISCHARGEABLE** pursuant to § 523(a)(2)(A);

IT IS FURTHER ORDERED that judgment in favor of Plaintiff shall be entered concurrently herewith.

## END OF DOCUMENT

**Distribution List**

**James Allen Trueblood, Jr.**
3120 Hutch Aly
Kennesaw GA 30152

**E. L. Clark**
Clark & Washington, LLC
Bldg. 3
3300 Northeast Expressway
Atlanta, GA 3034

**Beth E. Rogers**
Rogers Law Offices
Suite 1950
100 Peachtree Street
Atlanta, GA 30303